IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Za'Vari' A Sherer, ) | Civil Action No.: 2:23-275-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Publix Super Markets, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the amended complaint filed by Plaintiff Za'Vari' A. Sherer ("Plaintiff") alleging a claim of retaliation against Defendant Publix Super Markets ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (ECF No. 21.) On December 23, 2023, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 36.) In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On July 29, 2024, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment. (ECF No. 82.) In her Report, the Magistrate Judge thoroughly outlined the relevant facts and evidence and the applicable law, explaining that, to succeed on a retaliation claim under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first establish that (1) he engaged in a protected activity; (2) his employer acted adversely against him; and (3) there was a causal connection between the protected activity and the asserted adverse action. *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). The Magistrate Judge further explained that, once a plaintiff

sets forth a *prima facie* case, then the burden shifts to the employer to show that it took adverse action for a legitimate, non-discriminatory reason. *Id.* Then, if the employer makes such a showing, the burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating the employer's purported non-retaliatory reasons were pretext for discrimination. *Id.*

In her Report, the Magistrate Judge found that Plaintiff could not establish a *prima facie* case of retaliation because Plaintiff failed to demonstrate any materially adverse actions on the part of Defendant causally connected to Plaintiff's protected activity. The Magistrate Judge also found that, even assuming *arguendo* that Plaintiff could demonstrate a *prima facie* case of retaliation, Defendant met its burden of producing evidence that it had a legitimate, non-discriminatory reason for the actions it took against Plaintiff, and further, that none of Plaintiff's arguments demonstrate that Defendant's legitimate, non-discriminatory reason was pretext for discrimination. Accordingly, the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment and dismiss this case. (*See* ECF No. 82.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, however, no objections have been filed. Instead, on August 5, 2024, Plaintiff filed a motion to reopen discovery, asserting that a witness named Carrie Allison Epstein has come forward, and that this witness can testify to the jokes made by Plaintiff and when he made them. (ECF No. 84 at 2.) Importantly, nowhere in Plaintiff's motion does he respond to or object to any of the Magistrate Judge's findings and recommendations.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's thorough findings and recommendations. Furthermore, with respect to Plaintiff's motion to reopen discovery, the Court notes that Plaintiff has made multiple unsuccessful attempts to reopen discovery since October 13, 2023, when the discovery period ended. (*See* ECF Nos. 41, 47, 48, 50, 51, 52, 57, 62.) After review, the Court finds no valid reason to grant Plaintiff's most recent request to reopen discovery. First, the Court notes taht Plaintiff seeks information that he could have obtained during the discovery period, and Plaintiff has not demonstrated any good cause to reopen discovery at this time; nor has he shown excusable neglect for his failure to seek an extension of the discovery period in the first instance. Second, Plaintiff admits in his motion that this witness "is not a surprise

witness," and nowhere does Plaintiff explain how this witness has just been "made available." (ECF No. 84 at 1-2.) Furthermore, Plaintiff admits he sought this witness's contact information as early as July of 2023. Finally, and most importantly perhaps, nothing in Plaintiff's motion negates the valid reasons supporting the Magistrate Judge's finding that Defendant is entitled to summary judgment.

**Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 82); the Court grants Defendant's motion for summary judgment (ECF No. 36) and dismisses this case; and the Court denies Plaintiff's motion to reopen discovery (ECF No. 84).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 27, 2024
Charleston, South Carolina